## BONILLA *v.* SIERRA.

APPEAL from the District Court of San Juan.

No. 405.—Decided June 26, 1909.

DIVORCE—DISSOLUTION OF MATRIMONY—EFFECTS OF A JUDGMENT OF DIVORCE AS TO PROPERTY—NOTICE AND TRIAL.—In the case at bar the wife, having ob-

tained a judgment in her favor, declaring the marriage dissolved, and when the judgment had become final, requested, by means of a motion filed with the lower court, that the husband be ejected from the conjugal domicile, alleging for the purpose that the house was her exclusive property. The motion was based on an affidavit, but in the original complaint no petitions had been made relating to rights of ownership, and neither the motion nor the affidavit had been notified to the defendant. The court below decreed the ejectment of the plaintiff. This court *Held:* That although a judgment of divorce carries with it the dissolution of the matrimonial bond, it does not change *ipso facto* the possession of either party. It is also necessary that the complaint should contain a prayer with respect to these rights. And it is an indispensable prerequisite that the defendant should have been heard and overcome in a trial.

The facts are stated in the opinion.

*Mr. Sandalio Torres* for appellant.

*Mr. Eduardo Acuña* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

The District Court of San Juan granted an absolute divorce to Mrs. Josefa Bonilla from the bonds of matrimony which connected her to the present appellant, Mr. Florencio Sierra. The petition of the complaint in that case was that the court should render judgment dissolving the marital bond celebrated between the parties on March 25, 1907, along with the other pronouncements of the law. The judgment of the court declared the bonds of matrimony broken and dissolved with the other pronouncements or effects of the law. Neither the complaint nor the judgment contained any averment or reference to the property of either spouse or prayed any relief with respect to the possession or ownership of any property which might have belonged to the conjugal partnership existing between the parties or belonging to either of them as his or her separate property.

The judgment was rendered on November 20, 1908. On April 16, 1909, the appellee filed a motion wherein, after reciting the fact that the judgment had been appealed and the appeal dismissed, set forth that the judgment was then ready to be carried into effect; that the defendant was continuing to live in the conjugal domicile, namely, a house situated in Dos Hermanos Street, Santurce, where the defendant (*sic*)

had her legal domicile and fixed residence. The mover, then prayed, first, that to carry out that judgment, a certified copy of the judgment be sent ₊to the civil registry, with the statement, for record on the margin of the record of marriage of the parties and that the said judgment was executionable, and second, that the marshal of the court go to the conjugal domicile and eject the said defendant from it, delivering to the complainant the keys of the house and the other property to be found therein. An affidavit accompanied the motion signed by Josefa Bonilla which set forth that she had her legal domicile and dwelling house in Dos Hermanos Street, Santurce, and that the lot and the house were her property, the former acquired with her own money from Don Andrés Crosas on December 13, 1907, and that the house was built with her own money on the said lot, having therein her domicile and her furniture.

Neither the motion nor the affidavit was served on the appellant.

In response to this motion the District Court of San Juan, after first reciting the facts of the motion and that the judgment was unappealable, ordered that the secretary issue the certified copy of the judgment prayed for and that the defendant, Florencio Sierra, abandon the domicile of the complainant, of which mention was made, within 24 hours from the time when the order was notified to him by the marshal, under pain of being punished for contempt should he not comply with the order. This is the order from which the appeal is taken.

In California, Washington, Oregon, Nevada, Texas, and probably other States, there are laws to the effect that in a proceeding for divorce, the court may make a disposition of the community property. The statute of Washington goes so far as to enable the court to decree to the innocent party the separate property of the other. In Porto Rico the effects of a divorce are set out in, and limited by, sections 173 to 177 of the Civil Code. The court may decree alimony but, in a di-

vorce proceeding as such, it is extremely doubtful if any other property right may be directly passed upon by the court. It is true that section 173 provides that a divorce carries with it a complete dissolution of all matrimonial ties and the division of all property and effects between the parties to the marriage. In this respect the divorce produces effects very similar to those caused by death. There is, however, nothing about a divorce proceeding which invests a judgment therein with the effect of changing *ipso facto* the possession of either party. If parties are in peaceful possession of a thing held in common, such possession must be respected and the wife has not greater rights against her husband than she would have against a third person with whom she had formed a partnership, e. g., to keep a hotel.

The law declares that a number of results shall flow from certain specified acts. If a man, for example, being insolvent, makes a general assignment for the benefit of creditors the law declares that act to be an act of bankruptcy. Nevertheless, further and direct proceedings are necessary to give creditors rights over the property belonging to such bankrupt. Death is a dissolution of the conjugal partnership, but further steps are necessary before the surviving husband or wife may exercise complete dominion over the property which might have belonged to, or been in posession of, the conjugal partnership.

Even if it were conceded that a complainant in Porto Rico might, by law, obtain a judgment wherein both a divorce and a specific division of property be decreed, nevertheless, this double relief would have to be prayed for in the complaint. The defendant would be entitled in such an action as in any other to know the nature of the relief sought against him. Where the law says that no one shall be condemned without first being heard and overcome in a trial, it is an indispensable prerequisite thereto that he must know the nature of the complaint made against him. He is entitled to notice. When the District Court of San Juan pronounced judgment on Novem-

ber 20, 1909, it lost jurisdiction over the defendant for any purpose not expressly made a part of the judgment.

In the case at bar, moreover, the motion itself was not notified to the defendant. The *ex parte* affidavit of the complainant was in no wise sufficient to prove its contests specially without any opportunity to the defendant to disprove it. In the case where the property in question had belonged to the husband and to his family before him, and the affidavit supporting the motion was false, it would not be contended that a husband could be dispossessed in such a case. The property may be the wife's in this case, but other cases may arise where a person might be deprived of an absolute right without an opportunity to be heard. This is the more manifest meaning of the principle heretofore invoked of a notice and a hearing. The controversy was not properly before the District Court of San Juan.

For these reasons the order appealed from must be reversed and the case remanded to the District Court of San Juan with instructions to dismiss the motion and leaving the parties to seek their rights by proper proceedings.

*Reversed.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.